IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA BLINKHORN, | )<br>) |
| Plaintiff, | )<br>) |
| | )   CIVIL ACTION |
| vs. | )<br>)   FILE No. _____ |
| QUICK SHOP CITGO, LLC and<br>RIDDHI ALI, INC., | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, JESSICA BLINKHORN, by and through the undersigned counsel, and files this, her Complaint against Defendants QUICK SHOP CITGO, LLC and RIDDHI ALI, INC. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.  This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2.     Plaintiff JESSICA BLINKHORN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

3.     Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     Defendant QUICK SHOP CITGO, LLC (hereinafter "QSC") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

7.     QSC operates a business located at 5731 Trammell Road, Lake City, Georgia 30260, doing business as "Quick Stop #1."

8.     QSC may be properly served with process via its registered agent for service, to wit: Adem Mohammed Adem, 1900 Glenn Club Drive #614, Stone Mountain, Georgia 30087.

9.     QSC is the lessee (or sub-lessee) of the real property and improvements that are the subject of this action. (The structures and improvements situated upon such real property shall be referenced herein as the "Facility").

10. Defendant RIDDHI ALI, INC. (hereinafter "Riddhi") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

11. Riddhi is the owner or co-owner of the real property and improvements that the Facility is situated upon and that is the subject of this action, referenced herein as the "Property."

12. Riddhi may be properly served with process via its registered agent for service, to wit: Salim S. Merchant, 2877 Major Ridge Trail, Duluth, Georgia 30097.

## FACTUAL ALLEGATIONS

13. On or about July 21, 2018, Plaintiff was a customer at Quick Stop #1.

14. Plaintiff lives in the near vicinity of the Facility and Property.

15. Plaintiff's access to the businesses located at 5731 Trammell Road, Lake City, Georgia 30260, Clayton County Property Appraiser's parcel number 12147B A005, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

16. Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

17. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

18. Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

20. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

21. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

22. The Facility is a public accommodation and service establishment.

23. The Property is a public accommodation and service establishment.

24. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

25. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

26. The Facility must be, but is not, in compliance with the ADA and ADAAG.

27. The Property must be, but is not, in compliance with the ADA and ADAAG.

28. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Plaintiff intends to visit the Facility and Property again in the very

near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Defendants have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

32. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or

limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

 **(a) ACCESSIBLE ELEMENTS:**

 (i) The total number of accessible parking spaces on the Property is inadequate, in violation of section 208.2 of the 2010 ADAAG standards.

 (ii) The access aisle adjacent to the accessible parking space on the Property is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

 (iii) There is broken pavement and excessive vertical rises at the base of the above-described accessible ramp on the Property, in violation of section 303.2 of the 2010 ADAAG standards.

 (iv) The access aisle adjacent to the accessible parking space on the Property has significant amounts of broken pavement and indentations within its boundaries that promote puddling, creating a slipping hazard, and is in violation of sections 302.1 and 502.4 of the 2010 ADAAG standards.

 (v) The credit card slots and/or actuators on the gas pumps

servicing the Property are at a height exceeding 54 (fifty-four) inches from the finished floor, in violation of section 308.3.1 of the 2010 ADAAG standards.

(vi) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**(b)    RESTROOMS:**

(i) The hardware on the restroom entrance door in the Facility has operable parts that require tight grasping, pinching or twisting of the wrist in violation of section 309.4 of the 2010 ADAAG standards.

(ii) The restroom in the Facility lacks adequate turning space, in violation of sections 304.3.1 and 304.3.2 of the 2010 ADAAG standards.

(iii) The grab bars/handrails in the restroom in the Facility are in violation of sections  604.5 and 609.4 of the 2010 ADAAG standards. Specifically, the side grab bar is too short and thee rear grab bar is missing.

(iv) The restroom in the Facility has a sink that does not provide for adequate knee and toe clearance thereunder, in violation of

sections 306 and 606 of the 2010 ADAAG standards.

(v)   The soap dispenser in the restroom in the Facility is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(vi)  The toilet paper dispensers in the accessible toilet stalls in the restrooms of the Facility are not positioned properly, in violation of section 604.7 of the 2010 ADAAG standards.

(vii) The paper towel dispensers in the restrooms in the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

33.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

34.   Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

35.   The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

39. Upon information and good faith belief, the Facility and Property have been altered since 2010.

40. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

41. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

42. Plaintiff's requested relief serves the public interest.

43. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

44. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

45. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find QUICK SHOP CITGO, LLC in violation of the ADA and ADAAG;

(b) That the Court find RIDDHI ALI, INC. in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: December 20, 2018.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich